# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:21-CV-02711-GPG

(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2021

JEFFREY P. COLWELL
CLERK

Keith Leonard Lamebull , Plaintiff

v.

City and County of Denver ,

Denver Sheriff Health Services ,

Denver Health ,

Khristy Garcia , Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Keith Leonard Lamebull #97756  111560 County Road FF.75, Las Animas, CO 81054
(Name, prisoner identification number, and complete mailing address)

Keith L. LameBull
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

- ✓ Pretrial detainee
- ___ Civilly committed detainee
- ___ Immigration detainee
- ___ Convicted and sentenced state prisoner
- ___ Convicted and sentenced federal prisoner
- ___ Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    City and County of Denver
(Name, job title, and complete mailing address)

1437 Grant, Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

deliberate acts of decision-makers for Denver created cruel and unusual punishment

Defendant 1 is being sued in his/her ___ individual and/or ✓ official capacity.

Defendant 2:    **Denver Sheriff Health Services**
(Name, job title, and complete mailing address)

P.O. Box 1108, Denver, CO, 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✔ Yes ___ No (*check one*). Briefly explain:

denied me MRI, EEG, CT scan creating cruel and unusual punishment and double billing

Defendant 2 is being sued in his/her ___ individual and/or ✔ official capacity.

Defendant 3:    **Denver Health**
(Name, job title, and complete mailing address)

777 Bannock Street, Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✔ Yes ___ No (*check one*). Briefly explain:

denied me MRI, EEG, CT scan creating cruel and unusual punishment & deceitful billing practices

Defendant 3 is being sued in his/her ___ individual and/or ✔ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✔    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___    Other: (*please identify*) _____

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim,
specify the right that allegedly has been violated and state all facts that support your claim,
including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s)
involved in each claim, and the specific facts that show how each person was involved in each
claim. You do not need to cite specific legal cases to support your claim(s). If additional space
is needed to describe any claim or to assert additional claims, use extra paper to continue that
claim or to assert the additional claim(s). Please indicate that additional paper is attached and
label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Fourteenth Amendment (Delibrate Indifference)</u>

Supporting facts:

1. Between January 25, 2017 through June 2019 I was a
pretrial detainee at the Denver Downtown Detention
Center (herein refered to as "DDC") and the Smith Road
Jail (herein refered to as "SRJ").

2. Between February 2017 and October 2018 I was having
medical issues such as "hearing loss, severe headache,
nerve tingles, ruptured eardrums, dizzy, equilibrum,
ringing ears, seeing things, head pressure."

3. On 03/08/18 I submitted a medical request #17-147037, for
"Feel dizzy, disorganized sharp tingle/NEEDLE pain in head
though body. Uncontrolable twitching. Urgent pain." A RN
named T. Pena even made a progress note I was requesting
an M.R.I. and in pain and nothing was helping me.

4. On 03/09/18 Peter Crum (Defendant #6) placed me segregation for
48 hours. I was treated as others in segregation for rule
violations for punitive reasons. I was treated as others are
treated for punitive reason, even though I had no rule violations.

5. On 03/16/18 Defendant Crum knew I was requesting a
"CT scan/EEG" and states its for "∅ apperent reason."

4          "additional paper is attached"

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ✓ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                _____

Docket number and court:                _____

Claims raised:                          _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed:    _____

Result on appeal, if appealed:          _____


## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

        ✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

        ✓ Yes ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

77. A declaration that the acts and omissions described herein violated my rights under the Constitution and laws of the United states.

78. A preliminary and permanent injunction ordering defendants City and County of Denver, Denver Sheriff Health Services, Denver Health, Khristy Garcia, Michael Martinez, Peter Crum, A. Brueggler, Synthia Bean, Pauline McGann, and Carmen Kassalty to:

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

11/09/21
_____
(Date)

(Form Revised December 2017)

6

"see attached"

Michael Martinez,

Peter Crum,

A. Brueggler,

Synthia Bean,

Pauline McGann,

Carmen Hassaltg,

Emily Dranginis,

Carol Rogers

"B. DEFENDANT(S) INFORMATION"

Defendant #4: Christy Garcia, Sgt. Gang Unit DPD Badge# 00022

2205 Colorado Blvd., Denver, CO 80204

At time the claim(s) in this complaint arose was defendant acting under color of state or federal law? ✓ Yes Briefly explain:

deliberate acts of decision-maker created

cruel and unusual punishment

Defendant is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant #5: Michael Martinez, Detective DPD Badge# 82029

1331 Cherokee street, Denver, CO 80204

At time the claim(s) in this complaint arose was defendant acting under color of state or federal law? Yes Briefly explain:

deliberate acts created cruel and unusual

punishment

Defendant is being sued in his/her ✓ individual and/or ✓ official capacity.

"B. DEFENDANT(S) WFORMATION"

Defendant #6: Synthia Bean, NP, "DSDHS"
P.O. BOX 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant acting under color of state or federal law? ✓ Yes Briefly explain:
deliberately denied me MRI/EEG/CT scan creating cruel and unusual punishment

Defendant is being sued in his/her ___ individual and/or ✓ official capacity.

Defendant #7: Pauline McGann, provider, "DSDHS"
P.O. BOX 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant acting under color of state or federal law? ✓ Yes, Briefly explain:
deliberating denied me MRI/EEG/CT scan creating cruel and unusual punishment

Defendant is being sued in his/her ✓ individual and/or ✓ official capacity.

"B. DEFENDANT(S) INFORMATION"

Defendant #8: Peter Grum, provider, "Denver Sheriff Department Health services"
P.O. Box 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant acting under color of state or federal law? ✓ Yes, Briefly explain: deliberately denied me MRI/EEG/CT scan creating cruel and unusual punishment

Defendant is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant #9: A. Brueggler, psychiatric provider "DSDHS"
P.O. Box 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant acting under color of state or federal law? Yes. Briefly explain: deliberate acts created cruel and unusual punishment

Defendant is being sued in his/her ✓ individual and/or ✓ official capacity.

"B. DEFENDANT(S) INFORMATION"

Defendant #10: Carmen Hassalty, "DSDHS"
P.O. Box 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant acting under color of state or federal law? ✓ Yes, Briefly explain:
deliberately denied me MRI/EEG/CTscan
creating cruel and unusual punishment

Defendant is being sued in his/her ✓ individual
and/or ✓ official capacity.


Defendant #11: Emily Dranginis, PA, "DSDHS"
P.O. Box 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant acting under color of state or federal law? Yes ✓ Briefly explain:
Deliberately denied me services to
help me understand everything due to hearing
loss.

Defendant is being sued in his/her ✓ individual
and/or ✓ official capacity.

"B. DEFENDANT(S) INFORMATION"

Defendant #2: Carol Rogers, Medical Administrator, "DSDHS"
            P.O. Box 1108, Denver, CO 80201

At time the claim(s) in this complaint arose, was defendant
acting under color of state or federal law? ✔ Yes Briefly explain:
deliberately denied me MRI/EEG/CTscan creating cruel
and unusual punishment, and excessive medical charges

Defendant is being sued in his/her ✔ individual
and/or ✔ official capacity.


Defendant : _____
            _____

At time the claim(s) in this complaint arose, was defendant
acting under color of state or federal law? _____ Briefly explain:

            _____
            _____


Defendant is being sued in his/her ____ individual
and/or ____ official capacity.

"D. STATEMENT OF CLAIMS"

As a trained medical proffesional Defendant Crum should have ordered basic tests to determine what was causing the pain, dizzy spells and tingling episodes. Defendant Crum even made progress notes there were significant changes in my blood pressure and weight when vitals were taken.

6. Defendant Crum refused to conduct any tests. I continued to suffer and wrote numberous grievances on this issue between 02/27/17 - 05/27/18 and 04/07/19 - 05/09/19.

7. Finally on 04/29/21 an M.R.I. was conducted on my head. I became aware there was a "Few scattered tiny foci of increased T2 signal intensity are noted within the cerebral white matter. This may be related to previous trauma" I was also informed of "probable very small right frontal lobe development venous anomaly".

8. Due to numberous phsyciatric medications to include but limited to: Zyprexa, Geodon, Vistoril, Stattera, Prozac, Duloxetine, Quetiapine, Fluoxetine, Haloperidol, Benztropine, Cogentin, Ziprasidone, Hydroxyzine, Mobic, Atomoxetine, and Thorezine and accepting Defendant Crum's proffesional diagnosis without conducting any tests, and repeated denial of grievances that nothing was wrong with me and I was just crazy.

9. I became aware for the first time of brain issues on 04/29/21 after the M.R.I. was performed.

"D. STATEMENT OF CLAIMS"

Claim Two: Fourteenth Amendment (Deliberate Indifference)
   Supporting Facts:

10. On 04/11/18 Defendant Synthia Bean (Defendant #8) was made aware of serious ongoing medical issues when she responded to grievance #18-07806.

11. Defendant Bean's response to my grievance was not reasonable because she did not investigate my claims. As a trained professional she reasonably knew I was continuely complaining of serious medical issues and knew Defendant Crum had refused to perform requested M.R.I./EEG/CT scan.

12. Defendant Bean had actual knowledge of an objectively cruel condition from the grievance and numberous medical kites and she too refused me proper medical care.

Claim Three: Fourteenth Amendment (Deliberate Indifference)
   Supporting Facts:

13. On 05/08/18 Defendant Pauline McGann (Defendant #9) was made aware of serious ongoing medical issues when she co-signed Defendant #6, Crum's progress note.

14. On 05/08/18 the same day I filed grievance. I inform grievance officer in grievance #18-03482 Defendant McGann is purposely removing me from patient list because of ongoing requests for CT/EEG scan. Defendant Crum responds

"D. STATEMENT OF CLAIMS"

stating complaints have been appropriately addressed.

15. Defendant McGann on numberous occasions would prolong being seen by providers. I would place a medical kike request and not be seen on those requests for weeks, sometimes months. After the grievance was filed a trained proffesional would have reasonably known from issues being stated that something was going on in the cerebral region. I was only requesting a M.R.I./EEG/CTscan but Defendant McGann refused and when I grieved that issue, Defendant Crum denied my grievance.

Claim Four: <u>Fourteenth Amendment (Due Process and Equal Protection) Eighth Amendment (Excessive Fees)</u>

Supporting Facts:

16. Between January 25, 2017 through June 2019 I was pretrial detainee at DDC and SRJ.

17. Medical fees at DDC and SRJ are governed by Denver City Ordinance § 53-513 Charges for medical treatment and Denver Sheriff Department (DSD) standard Operating Procedures (SOPs).

18. City Ordinance states "persons who receive medical treatment onsite at a Denver jail clinic will be charged seven dollars ($7.00) on their commissary accounts for each medical contact."

"D. STATEMENT OF CLAIMS"

19. DSD SOP's states inmates will not be charged the $7.00 fee for cronic care. An intitial fee would be charged for treatment but no additional fees would be charged for continued care of cronic issue.

20. On April 18, 2017 the Denver sheriff Health Services started me on a medication called Zyprexa. I was charged $7.00 for this visit.

21. While being on phychiatric medications I was routinely taken to medical for blood draws to check the level of medication in my blood. Sometimes I was charged $7.00 for these cronic care blood draws.

22. On 01/17/19 while still in custody and never leaving the facility per DCO § 53-513 I received an X-ray. It was charged $7.00 and I received a $218.76 bill from Denver Health through U.S. Post office.

23. On 03/18/19 while still in custody and never leaving the facility per DCO § 53-513 I received an X-ray. I was charged $7.00 and I received a $165.95 bill from Denver Health through U.S. Post office.

24. On 05/11/17 in grievance #17-39080 I grieved the over charges.

25. On 05/27/17 in grievance #17-09761 I grieved the over charges.

26. On 04/07/19 in grievance #18-120700 I grieved the two X-ray charges.

27. On 04/03/19 I sent a letter to Emily Harvey at Disability Law Colorado as part of my administrative remedies.

28. On 04/12/19 I received a letter back from Elizabeth Kenny

"b. STATEMENT OF CLAIMS"

at Disability Law Colorado and was informed of the following:
  "We will stay in contact with the county attorney
  and County administrator we met with to ensure that
  the agreed upon changes are made and we will update
  you as that progresses.
  Finally, we discussed the X-ray billing issue. This issue
  was more complex than the first two and will require
  some additional research and information gathering by
  the county attorney and county administrator."

29. On 09/19/2020 my administrative remedies were exhausted
when Ms. Kenny informed me the sheriff and the City attorney
failed in their follow through for the promises made.

30. The Denver Sheriff Health Services (Defendant #2), Denver
Health (Defendant #3), collectively the City and County of Denver
(Defendant #1) have effected my credit score by billing me
for services I was unaware of until I had my outside
mail forward to the jail.

31. Because of the non-payment for billing I was unaware
of, I have been charged additional interest/fees and because
my credit score was effected I am being charged additional
interest rates on future purchases.

Claim Five: Fourteenth Amendment (Deliberate Indifference) and
             Eighth Amendment (Cruel and unusual Punishment).

     Supporting Facts:

32. On 01/02/17 I admitted myself into Denver Health because
 I believed I had been poisoned.

"D. STATEMENT OF CLAIMS"

33. At that time I had an outstanding arrest warrant for a parole violation. According to Denver Health policy anyone being admitted to the hospital is checked by the Denver Police Department ("DPD") for outstanding warrants.

34. At the direction of Khristy Garcia of the DPD (Defendant #4) I was not to be arrested at that time because a psy op known as Gang Stalking or Counter intelligence stalking was being conducted against me.

35. As part of this operation on 01/02/17 the DPD sanctioned the attempted chemical lobotomization of me. I was not arrested when I checked myself in the hospital because an on going experiment that was being conducted on me.

36. On 01/25/17 I was charged with the murder of Benjamin Lorenzo an under cover agent for Kristy Garcia and the DPD who was participating in the psy op.

37. This is demonstrated by the intial charge of C.R.S. § 18-3-102, First Degree Murder of a Peace Officer, case 17-53452, linked to DPD file number 513589.

38. When I arrive to be booked into DDC on 01/25/17 I was given a Denver County booking number 2017-273709.

39. In order to protect Khristy Garcia's under cover agent and give her, the agent and the operation plausable deniability my charges were changed on 02/27/17 to C.R.S. §18-3-102 (1)(a) First Degree Murder and DPD detective Michael Martinez was in charge of the investigation

"D. STATEMENT OF CLAIMS"

40. At the direction of Martinez Mr. Crum (Defendant#6) was instructed to deny proper medical care as part of the psy op and document how I was responding to the experiment.

41. At the direction of Martinez psychologist A. Brueggler (Defendant#7) was instructed to also observe and [illegible] document how I was responding to the psy op.

42. In order for Martinez to follow the progress of the "gang stalking" psy op Crum and Brueggler was instructed to place the original DPD file #513589 on all my medical records which violates the Health Insurance Portability and Accountability Act (HIPAA).

43. Because Crum and Brueggler followed Martinez's orders they are responsible for the violation of their hypocratic oath. This lead to cruel and unusual punishment and was a deliberate indifference to my medical needs.

44. On 05/11/17 @ 1430 hrs Brueggler (Defendant#7) made the assessment I was suffering from "schizophrenia".

45. On 03/26/18 @ 0800 hrs I spoke to psychologist G. Cole and made him aware that something was physically wrong and that my medical concerns were being "over looked and dismissed" and he confirms treatment goals with reference from Crum and Brueggler.

46. For over a year rather than granting me the requested MRI/EEG/CT scan Brueggler continued to prescribe more and more powerful psycological medications even though he saw no progress in my condition.

"D. STATEMENT OF CLAIMS"

47. On 07/20/17 @ 1000 hrs assessment by Brueggler is I'm still suffering from schizophrenia and the treatment plan calls for more psych medications even though he marks judgement and insight have gone down from last assessment.

48. On 05/17/18 @ 1215 hrs almost a year later Brueggler still notes no change in my condition but states he will continue corrective medications.

Claim Six: Fourteenth Amendment (Deliberate Indifference)
        Supporting Facts:

49. While in DDC and SRJ as a pretrial detainee I was denied hearing aids.

50. On 08/01/18 @ 1249 hrs PA Emily Dranginis (Defendant #11) noted I had "Hearing loss" and needed hearing aids. She also stated "we do not offer hearing aids here..."

51. Denver Health (Defendant #3) violated Title II of the ADA/RA and prejudice me by forcing me to go to court hearings and not attempt to get other services to help me understand.

52. At a minimum they should have attempted to connect me with a provider so I could hear what was going on at court and made dealing with staff and officers much less confusing knowing I had significant hearing loss. 05/13/21 I received hearing aids.

Claim Seven: Fourteenth Amendment (Due Process and Equal Protection) Eighth Amendment (Excessive Fees)

"D. STATEMENT OF CLAIMS"
Supporting Facts:

53. Between January 25, 2017 through June 2019 I was a pretrial detainee at DDC and SRJ.

54. Medical bills from Denver Health are governed by U.S.C.A. §1692 c bill 3 c for medical treatment.

55. 15 U.S.C.A. § 1692 states "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

56. Between 2017 and 2019 through the U.S. Post Office I did a change of address to make the jail my updated mailing address.

57. On 01/17/19 at the DDC I received an X-ray. I was charged $7.00 from my inmate account and I received a $218.71 bill through the U.S. Post Office from Denver Health.

58. On 03/18/19 at the DDC I received an X-ray. I was charged $7.00 from my inmate account and I received a $165.95 bill through the U.S. Post Office from Denver Health.

59. On 04/06/2019 I wrote Denver Health (777 Bannock street) to dispute bills for 01/17/19 and 03/18/19 X-rays that were done at DDC.

**"D. STATEMENT OF CLAIMS"**

60. On 04/07/19 in grievance #18-120700 I grieved the two X-ray charges.

61. On 01/03/19 I sent a letter to Emily Harvey of Disability Law Colorado as part of my administrative remedies.

62. On 09/11/20 my administrative remedies were exhausted when M.S. Kenny informed me the sheriff and the City attorney failed in their follow through with the promises made.

63. The Denver sheriff Health Services (Defendant #2), Denver Health (Defendant #3), and collectively the City and County of Denver have effected my credit score by billing me for services I was unaware of untill I had my outside mail forward to the jail.

64. Because of the non-payment for billing I was unaware of, I have been charged additional interest/fees because my credit score was effected. I am being charged additional interest rates on future purchases.

Claim Eight: Fourteenth Amendment (Deliberate Indifference)
    Eighth Amendment (Excessive Fees)
        Supporting Facts:

65. On 04/20/17 I grieved not seeing Dr. after putting in medical kite request and $7.00 being taken off. Grievance #17-09761 states "Attn. Carmen".

"D. STATEMENT OF CLAIMS"

66. On 05/27/17 Defendant Carmen Kassalty (Defendant #10) was made aware of serious on medical issues and excessive charges, in grievance # 17-09761 when I grieved her.

67. On 05/11/17 in grievance #17-39980 I grieved over charges. Defendant Kassalty signed and was staff member answer to grievance: "There is no follow up - all kites carry charge.

68. On 06/08/17 in grievance #17-21854 I grieved over charges. Defendant Kassalty signed and was staff member answer to grievance: "All charges valid"

69. Defendant Kassalty had actual knowledge of medical issues and excessive charges when I grieved her and her signing answering grievances. She too refused me proper medical care, and approving charges as valid without investigating.

Claim Nine: Fourteenth Amendment (Deliberate Indifference)
           Eight Amendment (Excessive Fees)
       Supporting Facts:

70. On 06/05/17 Defendant Carol Rogers (Defendant #11) was made aware of serious ongoing medical issues when I grieved her in grievance # 17-21840.

71. On 05/11/17 in grievance #17-39980 I grieved Defendant

"D. STATEMENT OF CLAIMS"

Rogers due to over charges.

72. On 06/08/17 in grievance #17-21854 I grieved Defendant Rogers disputing overcharges.

73. On 04/25/17 in grievance #17-39759 I grieved DSD concerning deliberate difference. Defendant Rogers was assigned grievance and staff member to answer: "05/26/17 Please complete a kite if you would like to be seen again. You are followed by MH and have seen the MD also."

74. On 05/27/17 in grievance #17-09761 I grieved over charges and not seeing Dr. after submitting medical kite 04/20/17. Defendant Rogers was assigned grievance and was staff member to answer: "06/12/17. You are scheduled to see the MD. You did see the provider 4/4/17 also. Valid charge."

75. Defendant Rogers response was not reasonable. I submitted medical kite 04/20/17. Responding I seen provider 04/04/17 proves she did not investigate my claims. As a trained proffessional she reasonably knew I was continuely complaining of serious medical issues. only

76. Defendant Rogers had actual knowledge of an objectively cruel condition from grievances and numberous medical kites and she too refused me proper medical care and excessive charges.

"G. REQUEST FOR RELIEF"

79. Vacate all bills accumulated from Denver Health while I was in Denver jail.

80. Replace admitted outdated billing software

81. Advise inmates extra fees/bills/charges could be associated with medical treatment.

82. Give option to deny treatment to inmates once they are advised of extra fees/bills/charges.

83. If inmate is in jail, send Denver Health bill(s) to jail address, if inmate receives medical treatment while in custody.

84. Enroll eligible inmates in Medicade.

85. Create Medicade eligibility process including screening of Medicade enrollment after inmates are in custody a certain number of day(s), month(s), year(s) mandatory.

86. Enroll high risk COVID inmates in Medicade mandatory.

87. Order independent health care and diagnosis by specialist and/or expert and Court issue order on diagnosis including brain injury, hearing loss, resulting to wearing hearing aids, and including high risk COVID.

88. Certify diagnosis toward ADA/RA current and/or future Court proceedings.

89. When and if my conviction gets overturned and I go back

"G. REQUEST FOR RELIEF"

to DSD custody, order health care by different health care hospital, due to conflict of interests.

90. Order temporary restraining order on Denver Health and/or any health care by them.

91. Order agreements reached between Disability Law Colorado, the DSD, and the City attorney that was promised.

92. Compensatory damages in the amount of $1.00 against each defendant, jointly and severally.

93. Punitive damages in the amount to be specified by jury.

94. A jury trial on all issues triable by jury.

95. Plaintiff's costs in this suit.

96. Any additional relief this court deems just, proper, and equitable.

Keith Laheme Ball #0775b TN
Inmate _____
Number _____ Cell House ____
Bent County
Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

OFFICE OF THE CLERK
United States District Court
901 - 19th Street, Room A105
Denver, CO 80294-3589



